1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>BRANDEN LEI BARNETT,<br><br>                    Defendant. | NO.  2:18-cr-00131-RAJ<br><br>ORDER ON DEFENDANT'S MOTION<br>FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Branden Lei Barnett's motion for compassionate release.  Dkt. 1380.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Barnett is a 32-year-old inmate currently detained at Federal Detention Center SeaTac, with a projected release date of November 2, 2022.  On June 27, 2019, he pled guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(B), and 846, and Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1) and 2.  Dkt. 881.  On January 24, 2020, Mr. Barnett was sentenced by this Court to 60 months of imprisonment, to be followed by four years of supervised release.  Dkt. 1258.  He now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to convert his remaining sentence to time served and immediately release him to commence his four-year term of supervision.

ORDER - 1

## II. DISCUSSION

### A.      Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

Mr. Barnett's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Barnett's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

**B.      Exhaustion of Administrative Remedies**

Prior to considering the merits of Mr. Barnett's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  The parties dispute whether Mr. Barnett has met this requirement.  Mr. Barnett indicates he requested compassionate release from the warden of his facility on May 27, 2020, and the warden denied his request on May 29, 2020.  Dkt. 1380, Ex. 4.

The government argues Mr. Barnett's request for home confinement under the CARES Act was not a request for compassionate release and that he has therefore not met the requirements of the statute.  Dkt. 1410.  The defendant has submitted a document from April 2, 2020 asking the Warden for CARES Act relief "or whatever…" Williams

Supp. Dec. Ex 1.  The Court accepts this as fair notice to the Warden that Mr. Barnett was seeking "whatever" relief was available.  While this "whatever" claim can be characterized as vague and non-specific to warrant CARES Act relief, the Court finds that Mr. Barnett's request was minimally sufficient to satisfy the exhaustion requirement, particularly since there was no clear response to the "whatever" request and 30 days have passed since Mr. Barnett sent the letter.  Thus, the Court finds the statutorily required 30-day period has expired, and Mr. Barnett's motion is properly before the Court.

### C.    Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Barnett's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…

ORDER - 4

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

(3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

 (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence. Specifically, Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Barnett bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted. *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Mr. Barnett argues his medical conditions, together with the fact that he is an African American man, when combined with the inherent danger to inmates of contracting coronavirus-19 (COVID-19), present compelling reasons to justify his immediate release. He contends he faces a higher risk of exposure to the virus at FDC SeaTac than he would if he were to be released into the community. Dkt. 1380.

Specifically, Mr. Barnett indicates there is no dispute that, with a body mass index (BMI) of 42, he is morbidly obese. Dkt. 1383 at 4, 62. He provides evidence that the government has conceded that morbid obesity puts inmates like Mr. Barnett at heightened

risk of health complications should they contract the virus, and that other courts have recognized this factor as a basis for granting compassionate release.  Dkt. 1380, Ex. 5, 8.

Further, Mr. Barnett sets forth that he suffers from asthma, another condition which may place him at risk of complications should he contract COVID-19.  Dkt. 1383, Ex. 6.  He indicates courts have recognized asthma as a risk factor favoring compassionate release.  Dkt. 1380.

Finally, Mr. Barnett indicates he has high blood pressure, yet another risk factor identified by the Centers for Disease Control and Prevention (CDC), a condition that he asserts remains untreated.  Dkt. 1380, 1383.

The government indicates that although the CDC considers obesity to be such a risk factor and therefore concedes is an extraordinary and compelling reason for the Court to consider granting Mr. Barnett's motion, it argues the Court should exercise its discretion and decline to release him based on the seriousness of his crime and his extensive criminal history, which includes crimes committed while on supervised release. The government points out that even though Mr. Barnett is obese, there is no indication in the medical records that he has suffered any serious health issues to date related to his weight.  Dkt. 1410.

Further, relating to Mr. Barnett's asthma, the government indicates that his history of asthma was noted in the Presentence Report and has been noted in his Bureau of Prisons (BOP) health records, but that his medical records do not evidence any recent or ongoing issues related to his asthma.  Dkt. 1412, Ex. A.  The government points out that the CDC has not concluded that asthma is one of the conditions that leads to an increased risk of severe illness from COVID-19, but has indicated that moderate to severe asthma *might* increase the risk of severe illness, and that Mr. Barnett has not provided evidence he suffers from moderate to severe asthma that *might* lead to an increased risk of illness related to COVID-19.

Similarly, as it relates to Mr. Barnett's high blood pressure, the government indicates the CDC does not include this condition on its list of factors that lead to an

ORDER - 6

1  increased risk of complications from COVID-19, but instead is another condition that
2  *might* lead to such a risk.  Dkt. 1410.

3       The Court now turns to its analysis of each of Mr. Barnett's claimed justifications
4  for compassionate release.  First, it is undisputed that Mr. Barnett's BMI is well above
5  the threshold for having a medical condition that the CDC has identified as a COVID-19
6  risk factor and generally qualifies as an extraordinary and compelling reason for the
7  Court to consider a reduction in his sentence.

8       Next, the Court considers Mr. Barnett's claim that his asthma also qualifies as an
9  extraordinary and compelling reason for release.  The record does not support Mr.
10 Barnett's claim.  The CDC has not concluded that asthma is one of the conditions that
11 leads to an increased risk of severe illness from COVID-19.  Rather, it has merely
12 indicated that moderate to severe asthma *might* increase the risk of severe illness.  The
13 government has advanced a report from the website of the America Academy of Allergy,
14 Asthma and Immunology which the Court finds persuasive.  That report notes that "there
15 is no evidence of increased infection rates in those with asthma" and there is "no
16 published data to support concerns of increased risk."  Dkt. 1410, p. 11.

17      A review of Mr. Barnett's medical reports supports this conclusion.  Mr. Barnett's
18 evidence fails to demonstrate that he suffers from moderate to severe asthma to any
19 degree that might lead to an increased risk of illness related to COVID-19.  His medical
20 records merely indicate that he suffers from a mild case of asthma that has not caused
21 him any significant issues.  Thus, Mr. Barnett's asthma serves as no basis for the relief he
22 requests.

23      Turning to Mr. Barnett's hypertension issue, the Court does not find that his
24 medical records for this condition justify a finding that it serves as the basis for an
25 extraordinary and compelling reason for release for several reasons.  As an initial
26 observation on this topic, the CDC has issued a tempered warning that hypertension
27 *might* be a risk factor.  Moreover, the CDC does not include high blood pressure in its list
28 of factors that lead to an increased risk of severe illness from COVID-19.

Mr. Barnett's various blood pressure readings from his medical records illustrate this point. These records indicate a fluctuation in his readings between 129/82 and 150/88, with his most recent reading of 130/90. Ex. A, at 11, 19, 32, 37, 41, 51, 80 and 86. The government references the CDC Guidelines on how the Court should consider this evidence. The CDC notes that normal blood pressure is 120/80, elevated blood pressure is between 120/80 and 139/89, and high blood pressure is 140/90. Mr. Barnett's readings do not suggest that he has maintained a level of blood pressure readings to suggest that he fits in the category of concern that might pose an increased risk of severe illness from COVID-19. Mr. Barnett has failed to meet his burden demonstrating that his claim serves as grounds for compassionate release and the evidence he has submitted is insufficient to warrant the relief requested.

Last, Mr. Barnett notes that he is African American and contends his race serves as a risk factor recognized by the CDC. Mr. Barnett's ethnicity argument is linked to his claim of hypertension. Since the Court has addressed the hypertension issue as not serving as a basis for compassionate relief, the Court looks to what other evidence or analysis Mr. Barnett has advanced to support his claim that race and hypertension as submitted serve as a basis for sentence reduction and none has been provided. While Mr. Barnett has failed to provide sufficient analysis to support his release claim, the Court would be remiss in not acknowledging the CDC data of COVID-19 infections and deaths as staggering for African Americans, but without more, no relief can be accorded to Mr. Barnett.

**D. Safety of Others**

The Court next turns to whether Mr. Barnett presents a danger to the safety of any other person or to the community. *See* U.S.S.G. §1B1.13(2). In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.

ORDER - 8

1  18 U.S.C. §3142(g).  The Court may not reduce a defendant's sentence unless it finds that
2  "the defendant is not a danger to the safety of any other person or to the community, as
3  provided in 18 U.S.C. § 3142(g)."

4       Mr. Barnett argues that he is not a danger to the safety of others or the community,
5  given his strong family support, his commitment to being a law-abiding member of
6  society going forward, and the fact that any risk will be mitigated by his four-year term of
7  supervised release.  Dkt. 1380.

8       While acknowledging he did possess ammunition in the instant offense, and that
9  his history includes absconding from a halfway house in 2011, Mr. Barnett indicates he
10  accepts responsibility for these actions and that they do not demonstrate he is a danger to
11  the community.  He explains he did not own a firearm that matched the ammunition that
12  he possessed in this matter, and that he has never threatened anyone with a firearm nor
13  participated in violence.  Dkt. 1380.

14       The government counters that given Mr. Barrett's extensive criminal history and
15  his previous violations of supervised release as set forth in detail in the government's
16  brief, Mr. Barnett continues to pose a danger to the community and that the current
17  COVID-19 pandemic does not reduce that danger to others.  Dkt. 1410.  The Court agrees
18  for several reasons.

19       As to the underlying crime, the Court will not engage in rampant speculation that
20  Mr. Barnett possessed or had possessed a firearm to match the ammunition he possessed.
21  There is no evidence to support the same.  Nor will the Court adopt the government's
22  theory that because many other co-conspirators possessed firearms, Mr. Barnett must
23  have as well.  Prosecutorial suspicion and surmise are not evidence and does not advance
24  or enhance the government's theory of possible firearm possession. What is of significant
25  concern is that Mr. Barnett possessed this loaded clip of ammunition despite his outright
26  prohibition from possessing the same due to his prior felony convictions.

27       As noted by the record, Mr. Barnett has been convicted of federal felonies on three
28  separate occasions.  He also has four different drug-related convictions in state and

ORDER - 9

1   federal court, and a conviction for Escape and Attempting to Elude the Police.  On this

2   point the Court agrees with the government that Mr. Barnett's disrespect for the law

3   extended to this Court as he committed a felony escape while serving his first federal

4   sentence.  Dkt. 1410, p. 14.

5         Despite this history and intervening court intervention Mr. Barnett once again

6   chose criminal activity as an alternative to becoming the law abiding citizen he now

7   claims he desires to become.  Mr. Barnett enjoyed that same support before he elected to

8   become involved in the current offense.  He had choices but chose to ignore them

9   because of his attraction to fast money by selling dangerous drugs.  The same family that

10   now needs him desperately were there for him before he committed the current crimes.

11   His commitment to criminal conduct and illegal activity when given the opportunity to do

12   otherwise indicates to the Court that he continues to pose a danger to the community.

### E.  Other 18 U.S.C. § 3553(a) Factors

        In determining whether to grant Mr. Barnett's compassionate release under 18

15   U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted

16   above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the

17   sentence imposed, the kinds of sentences available, promoting respect for the law,

18   providing just punishment for the offense, avoiding unwarranted sentencing disparities,

19   and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C,

20   D); 18 U.S.C. § 3582(c)(1)(A).

        Mr. Barnett argues that he is comparable to other defendants who have been

22   released, including Edward Locke, a member of a related drug conspiracy, whose motion

23   for compassionate release was granted by this Court.  Dkt. 1380.

        The government argues that the nature and circumstances of Mr. Barnett's offense

25   weigh against his immediate release, indicating that not only was he a mid-level to low-

26   level redistributor of cocaine, methamphetamine, and marijuana, he also illegally

possessed a loaded clip of ammunition, despite his numerous felony convictions prohibiting him from doing so.  Dkt. 1410.

The government distinguishes Mr. Barnett from Edward Locke, highlighting that Mr. Locke's medical conditions place him at far greater risk of serious complications of COVID-19 than Mr. Barnett.  While both Mr. Locke and Mr. Barnett are obese, Mr. Locke suffers from uncontrollable diabetes and chronic kidney disease, both of which are risk factors recognized by the CDC, together with a constellation of other conditions that, taken together, were concerning to the Court.  The government further indicates that, unlike Mr. Barnett, Mr. Locke did not have a history of violations of the terms of his supervised release and that he displayed a willingness to comply with release terms.  In sum, the government argues that denial of Mr. Barnett's motion for compassionate release would not undermine this Court's careful efforts in this large multi-defendant case to avoid sentencing disparities.  Dkt. 1410.  The Court agrees.

For all of these reasons the Court elects to exercise its discretion and declines to release the defendant based upon a finding that he poses a continued danger to the community, the seriousness of the underlying crime, and his long-term criminal conduct.

## III.  CONCLUSION

For the foregoing reasons, Defendant Branden Lei Barnett's motion for compassionate release is **DENIED**.

DATED this 22nd day of October, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER - 11