The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. 2:18-cr-00131-RAJ |
|---|---|
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION |
| BRANDEN LEI BARNETT, | |
| Defendant. | |

Branden Lei Barnett is a 33-year-old inmate currently detained at Federal Detention Center SeaTac, with a projected release date of November 2, 2022. On October 22, 2020, the Court denied Mr. Barnett's motion for compassionate release. Dkt. 1486. On February 24, 2021, the Court denied Mr. Barnett's renewed motion for compassionate release. Dkt. 1530. Now before the Court is Mr. Barnett's *pro se* Motion for Reconsideration of the Court's Order denying his renewed motion for compassionate release. Dkt. 1542. Having considered Mr. Barnett's motion for reconsideration, and the files and pleadings herein, the Court hereby **DENIES** the motion for the reasons set forth below.

Mr. Barnett asks the Court to reconsider its denial of his renewed motion for compassionate release in light of the recent Ninth Circuit decision in *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021). Considering *Aruda*, the Court sets forth the updated legal standard for motions for compassionate release as follows:

ORDER - 1

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

In both of its previous orders denying compassionate release, the Court set forth its determination that Mr. Barnett poses a continuing danger to the community. As such, as noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and determines that a reduction in Mr. Barnett's sentence is not warranted.

For the foregoing reasons, Defendant Brandon Lei Barnett's motion for reconsideration of renewed motion for compassionate release is **DENIED**.

DATED this 26th day of May, 2021.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3